UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNEST ABITIH,

          Petitioner,

    v.

MONTY WILKINSON, Acting Attorney
General[1], *et al*.,

          Respondents.

**DECISION AND ORDER**

6:20-CV-06403 EAW

---

## INTRODUCTION

*Pro se* petitioner Ernest Abitih ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241.  (Dkt. 1).  Petitioner contends that he is entitled to release, or in the alternative, a bond hearing.  (*Id.* at 10; Dkt. 8 at 11-13).

For the reasons that follow, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1225(b).  The Court further finds that Petitioner is not entitled to either a bond hearing or release and accordingly denies the petition.

---

[1]    Monty Wilkinson became Acting Attorney General of the United States on January 20, 2021, and has been automatically substituted as a respondent pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is instructed to modify the caption accordingly.

## BACKGROUND

### I.     Factual Background

Petitioner is a native and citizen of Ghana.  (Dkt. 6-1 at ¶ 5).  He first entered the United States on June 26, 2010, on a B2 visitor visa, and left this county on December 29, 2016.  (*Id*. at ¶ 6).  Petitioner returned to the United States on February 14, 2017, having been granted advance parole[2] through January 13, 2018.  (*Id*.).  On June 3, 2019, Petitioner attempted to enter Canada but was refused entry.  (*Id*. at ¶ 5).  Petitioner then attempted to re-enter the United States, but when it was determined that his parole had expired on January 13, 2018, he was taken into custody pursuant to 8 U.S.C. § 1225(b) as an arriving alien without proper immigration documents.  (*Id*. at ¶¶ 5, 8).  Petitioner was personally served with a notice to appear charging him with being an arriving alien not in possession of a valid visa and subject to removal pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  (*Id.* at ¶ 9).

Petitioner requested release on parole; his request was denied on September 16, 2019.  (*Id*. at ¶ 13).  On November 9, 2019, Petitioner's applications for relief from removal were denied, and he was ordered removed from the United States.  (*Id*. at ¶ 14).  Petitioner appealed the removal order to the Board of Immigration Appeals (the "BIA"); the BIA denied his appeal on July 22, 2020.  (*Id*. at ¶¶ 15-16).

---

[2]     "'Advance parole' is a practice whereby the government decides in advance of an alien's arrival that the alien will be paroled into the United States when he arrives at a port-of-entry."  *Ibragimov v. Gonzales*, 476 F.3d 125, 132 (2d Cir. 2007).

Petitioner filed a petition for review in the Court of Appeals for the Second Circuit on August 21, 2020.  Petition for Review, *Abitih v. Rosen*, No. 20-2793, Dkt. 1 (2d Cir. Aug, 21, 2020).  Petitioner filed a motion for stay of removal before the Second Circuit on September 14, 2020, which remains pending.

## II.   Procedural Background

Petitioner filed his petition *pro se* on June 15, 2020.  (Dkt. 1).  Respondents filed their answer and return in response to the petition on August 19, 2020 (Dkt. 6), and Petitioner filed his reply on September 11, 2020 (Dkt. 8).

## DISCUSSION

## I.   Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases.  *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).  District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts.  *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

- 3 -

II.     <u>**Statutory Basis for Petitioner's Detention**</u>

At the time Respondents filed their answer to the petition, Petitioner had not yet filed his petition for review with the Second Circuit.  Respondents accordingly argued that the basis for Petitioner's detention had shifted from 8 U.S.C. § 1225(b) to 8 U.S.C. § 1231, because he was subject to a final order of removal.  (Dkt. 6-14 at 14).  Respondents further argued that even if Petitioner were to file a petition for review, "it would not change the analysis unless a motion to stay were filed *and granted* by the Second Circuit."  (*Id.* at 16 (emphasis in original)).

As this Court has previously explained, "[i]n 2012, [the Department of Homeland Security] and the Second Circuit entered into a forbearance agreement wherein the Government 'has assured that removal will not occur' while the detainee has a petition for review pending before the Second Circuit."  *Ranchinskiy v. Barr*, 422 F. Supp. 3d 789, 795 (W.D.N.Y. 2019).  This Court has further concluded that the existence of the forbearance agreement renders a removal order not final while the petition for review is pending, and thus precludes a finding that the statutory basis for detention has shifted to § 1231.  *Id.* at 796.  While Respondents urge the Court to revisit this conclusion based on two subsequent decisions by other judges in this District (*see* Dkt. 6-4 at 17), the Court declines to do so. The Court is not bound by the decisions of other district judges, and continues to be of the view that its determination in *Ranchinskiy* was correct.  Accordingly, the Court finds that Petitioner is detained pursuant to § 1225(b) and not § 1231.

III.   **Due Process**

The Court turns next to the issue of whether Petitioner's ongoing detention is constitutionally impermissible.  This Court's recent decision in *Gonzales Garcia v. Rosen*, No. 6:19-CV-06327 EAW, __ F. Supp. 3d __, 2021 WL 118933 (W.D.N.Y. Jan. 13, 2021), addresses the issue of the process due to individuals who have not effected a legal entry into the United States.  In *Gonzales Garcia*, the Court concluded that the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, ⸻ U.S. ⸺, 140 S. Ct. 1959, 207 L.Ed.2d 427 (2020), including its reaffirmance of *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), requires this Court to conclude that aliens who are on the threshold of entry into the United States are not protected by the procedural protections of constitutional due process and are thus entitled only to the process authorized by Congress.  2021 WL 118933 at *3-4.

The Court's conclusions in *Gonzales Garcia* compel the denial of the petition in this case.  Although Petitioner lawfully entered the United States in 2010, he departed in 2016.  When he returned to the United States in 2017, he was granted advance parole.  The Second Circuit has expressly held that "[a]lthough paroled aliens physically enter the United States for a temporary period, they nevertheless remain constructively detained at the border, *i.e.* legally unadmitted, while their status is being resolved by immigration officials." *Ibragimov v. Gonzales*, 476 F.3d 125, 134 (2d Cir. 2007).  This is equally true for aliens granted advance patrol.  *Id.* (finding no "basis for the conclusion that a grant of advance parole warrants an exception to the well-settled principle that parole does not effect a legal entry or admission to the United States").

- 5 -

There is thus no question that when Petitioner was apprehended at the border between the United States and Canada on June 3, 2019, he was appropriately deemed an arriving alien who had not effected a legal entry into the United States. Accordingly, the Court is bound by Supreme Court precedent to conclude that Petitioner was entitled only to those procedures enacted by Congress, and not to any broader procedural protections based on the constitutional right to due process. *See Gonzales Garcia*, 2021 WL 118933 at *6; *St. Charles v. Barr*, No. 6:20-CV-06061 EAW, 2021 WL 218686, at *7 (W.D.N.Y. Jan. 22, 2021). Accordingly, the Court cannot order Respondents to provide Petitioner with a bond hearing, nor can it order his release. The petition must be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the petition (Dkt. 1) is denied. The Clerk of Court is instructed to close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        February 25, 2021
              Rochester, New York